**IN THE COURT OF COMMON PLEAS OF THE STATE OF DELAWARE**
**IN AND FOR SUSSEX COUNTY**

DAVID DRANDORFF, )
    Appellant/Defendant below, )
                                     )     C.A. No. CPU6-19-000230

        v. )

STEPHANIE LARSEN, )
    Appellee/Plaintiff below. )
                                     )

Submitted: March 11, 2022
Decided: June 6, 2022

*Dean A. Campbell, Esq.; Attorney for Appellant/Defendant*
*Stephanie Larsen; Self-Represented Appellee/Plaintiff*

On March 11, 2022 the Court opened to hold a long-delayed (by COVID) civil *de novo* trial in this matter on appeal from the Justice of the Peace Court. However, upon questioning of the parties and closer review of the record in both this action and the JP Court action below before the trial commenced, the Court recessed to consider the novel, convoluted posture of the matter. For the reasons stated below, the Court has determined that a trial *de novo* cannot proceed in this Court on the original action, but one may proceed on the original counterclaim.

Plaintiff-Appellee Larson was a long-time occupant of a home owned by Defendant-Appellant Drandorff. Without delving into the facts of her long-term occupancy and subsequent ouster by Defendant, on December 12, 2018, Plaintiff filed a Justice of the Peace Court action seeking replevin of her personal property remaining in the home. Defendant counterclaimed for monetary damages against Plaintiff, alleging Plaintiff had damaged the home while living there. After a February 6, 2019 trial, the Justice of the Peace Court found in favor of Plaintiff on her replevin claim, and against Defendant on his counterclaim, and entered Judgment accordingly. That Court ordered that the

1

return of Plaintiff's property, with the assistance of its Constable, occur on February 14, 2019.[1] That event of replevin was held; however, Plaintiff was not given all of the property ordered to be returned.

It is at this point in the history of the matter that "the plot thickens." For, on February 21, 2019 Defendant-Appellant filed a Notice of Appeal of the JP Court action with this Court. However, Appellant did not file a Motion to Stay execution of the judgment below, nor post an appeal bond in accordance with Rules of this Court.[2] Meanwhile, on February 19, 2019 Plaintiff filed a Motion in aid of execution of her judgment with the Justice of the Peace Court. That motion was heard on March 20, 2019. The record reflects that, at that motion, Defendant-Appellant informed the Court below that he had filed an appeal with the Court of Common Pleas. Nonetheless, according to the record below, the parties stipulated in that Court that the value of Plaintiff's unreturned property was $5,190.00, and the Court entered a monetary judgment in that amount in favor of Plaintiff.

Notwithstanding all of the above, and after a lengthy procedural delay, on February 7, 2020, Plaintiff-Appellee filed her Complaint on Appeal, seeking $8,091.20. On March 9, 2020, Defendant-Appellee filed a pleading entitled "Answer to Complaint and Counterclaim." That pleading addresses, admits or denies each of the similarly-numbered paragraphs of Plaintiff's Complaint. Although no one could locate it on the day of trial, buried in the voluminous documentary attachments to the Answer is a separate, properly captioned document entitled "Counterclaim," which commences with the phrase "Victim Impact Statement," and proceeds to list various allegedly damaged items with dollar amounts. The Court liberally construes this then-*pro se* filed document as an acceptable statement of counterclaim.

---

[1] In fact, the JP Court judgment states that, "*Prior to trial* Defendant agreed to allow Plaintiff to retrieve her goods. . . . Accordingly, judgment is awarded in favor of Stephanie Larsen . . . for the return of [the attached list] of goods." (Emphasis added.)

[2] *See* C.C.P. Civ. R. 62(c); C.C. P. Civ. R. 72(e); J. P. Ct. Civ. R. 23.02 (d).

The Court, however, is faced with the following conundrums regarding the appeal of the judgment for Plaintiff in the original claim: Defendant-Appellant timely filed a notice of appeal of the original Replevin Judgment and the denial of the counterclaim. However, execution of that equitable judgment was not stayed on appeal, and in fact the Replevin partially occurred. Then, exercising its concurrent jurisdiction over the enforcement of its judgment, the JP Court held another hearing and entered a stipulated money judgment in favor of Plaintiff, all before any pleadings other than the Notice of Appeal had been filed in this Court. And when the Complaint on Appeal was finally filed in this Court, it no longer sought replevin, but requested money damages in excess of the amount stipulated in JP Court. Finally, Defendant has not filed an appeal of the $5,190.00 JP Court judgment entered against him, and to which he apparently stipulated.

The Court believes that the end result of these substantive and procedural anomalies is that there is nothing left of the appealed Replevin Judgment below upon which it can validly hold a *de novo* trial, without severely violating even the vestiges of the Mirror Image Rule that now remain in the form of the Court's Civil Rule 72.3, and ignoring the reality of the events that occurred after the filing of this appeal. Without the entry of a stay of execution, the replevin was carried out with partial success, and the parties stipulated before the Justice of the Peace Court to the value of the items that were not returned for whatever reason, and a monetary judgment was entered against Defendant for that amount. Defendant has not appealed that monetary judgment entered against him after the appeal to this Court.

In addition, a *trial* of the Plaintiff's claim was not held below. Rather, the record below makes clear that the judgment of replevin for specific personalty was entered by agreement of the parties before the Court. Likewise, the parties subsequently stipulated to the monetary judgment for the value of unreturned items. The Court fails to see how it can hold a de novo trial on judgments entered by stipulation. The only matter actually tried and decided prior to the filing of this appeal was the denial of Defendant's counterclaim.

3

Accordingly, the Court holds that:

a) The Complaint on Appeal is dismissed.

b) The monetary judgment against Defendant in the amount of $5,190.00 remains a valid judgment of record in the Justice of the Peace Court.

c) Defendant's Counterclaim against Plaintiff may proceed to trial and shall be scheduled as soon as practicable.

**IT IS SO ORDERED** this _____ day of June, 2022.

_____
Kenneth S. Clark, Jr.,
Judge